Affirmed and Opinion filed July 18, 2002









Affirmed and Opinion filed July 18, 2002.

 

 

 

 

 

 

 

                                                                              

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00017-CV

____________

 

GREGORY RAKO, Appellant

 

V.

 

TIFCO INDUSTRIES, INC., Appellee

 



 

On
Appeal from the 80th District Court

Harris County, Texas

Trial
Court Cause No. 01-51299

 



 

O
P I N I O N

Gregory
Rako appeals from an interlocutory order granting a
temporary injunction.  See Tex. Civ. Prac. & Rem. Code Ann. '
51.014(a)(4) (Vernon Supp. 2002).  Rako claims the injunction is based on an unenforceable
covenant not to compete and should be dissolved.  We affirm.








Rako was
employed by Tifco Industries, Inc. as a sales
agent.  In connection with his
employment, Rako signed two separate agreementsCa
ASales
Agent=s
Agreement@ and a AConfidentiality, Development and Non-Interference Agreement.@  After working for Tifco
for over three years, Rako resigned and began working
for a competitor.  Soon after, Tifco sued Rako and applied for
injunctive relief.  Following an
evidentiary hearing, the trial court signed an order granting a temporary
injunction.  The court entered the
following orders:

!         Rako may not
transfer, use, or disclose any of Tifco=s
proprietary or confidential information, as defined in the Confidentiality
Agreement, that Rako obtained during the course of
his employment;

!         Rako may not,
in Houston, Texas, contact for the purpose of soliciting business, solicit for
sale, or sell competitive products to customers Rako
serviced while employed by Tifco;[1]
and

!         Rako must return to Tifco all
confidential information as defined in the Confidentiality Agreement, as well
as all documents and tangible things in Rako=s
possession belonging to Tifco.

The trial
court further ordered that, Aas to this lawsuit,@ the restrictive time period set forth in paragraph 6(b) of the
Agent=s
Agreement is reformed from twenty-four months to twelve months, and the
activities restricted by paragraph 6(b) are limited to Houston, Texas.  Paragraph 6(b) of the Agent=s
Agreement provides that Rako

will not, while at any time employed by TIFCO and for a period
of twenty-four (24) months following the termination of such employment,
whether as an individual, or in any capacity, directly or indirectly, in
competition with TIFCO solicit or sell or participate in any way concerning a
sale of products similar to TIFCO=s products to any Customer which [Rako]
at any time solicited or sold for TIFCO.








On
appeal, Rako urges us to dissolve the temporary
injunction.  Whether to grant a temporary
injunction is within the trial court=s sound discretion, and we should reverse such an order only if
the trial court abused that discretion.  Butnaru v. Ford Motor Co., 45 Tex. Sup. Ct.
J. 916, 919, 2001 WL 1898460 (June 27, 2002). 
In his sole issue, Rako claims the trial court
erred in Aenforcing the Covenant Not to Compete,@
which he defines as paragraph 6(b) from the Agent=s Agreement, set forth above. 
However, the court=s temporary injunction does more than enforce a covenant not to
compete.  Rako
concedes in his reply brief that he does not complain about the portions of the
court=s
injunction prohibiting him from disclosing Tifco=s
confidential information and ordering him to return such information in his
possession.  Accordingly, we consider Rako=s appeal to be directed solely to the portion of the injunction
ordering Rako not to Acontact for purposes of soliciting business, solicit for sale
or sell products competitive with those sold by Tifco@
to the customers identified in the order as those whom Rako
Aserviced
while employed by Tifco.@

The
criteria for enforceability of covenants not to compete are set forth in
section 15.50 of the Texas Business and Commerce Code, which provides as
follows:

[A] covenant not to compete is enforceable if it is ancillary
to or part of an otherwise enforceable agreement at the time the agreement is
made to the extent that it contains limitations as to time, geographical area,
and scope of activity to be restrained that are reasonable and do not impose a
greater restraint than is necessary to protect the goodwill or other business
interest of the promisee.

Tex. Bus. & Com. Code Ann.
'
15.50(a) (Vernon Supp. 2002).  Rako=s sole complaint is that the covenant not to compete is invalid
because it is not Aancillary to or part of an otherwise enforceable agreement.@[2]  Id.  We disagree.

We
must first determine whether there is an otherwise enforceable agreement.  We begin by noting that the Agent=s
Agreement expressly incorporates by reference the Confidentiality
Agreement.  Therefore, we will consider
the two agreements jointly.  See Ikon Office Solutions, Inc. v. Eifert, 2 S.W.3d 688, 693 (Tex. App.CHouston
[14th Dist.] 1999, no pet.) (concluding that separate agreements should be
treated as one when both were signed at the same time and one expressly
incorporates the other by reference).








Rako argues
that the agreements are unenforceable because the only consideration for them
is his continued employment.  Both
parties agree that Rako was an at-will employee.  An Aotherwise enforceable agreement@ can emanate from at-will employment only if the consideration
for any promise in the agreement is not illusory.  Light v. Centel
Cellular Co. of Tex., 883 S.W.2d 642, 645 (Tex. 1994).  If the only consideration for a promise by Rako is his continued employment, then any such promise is
illusory, and the agreement is unenforceable. 
Id. at 644-45.

The
preamble to the Confidentiality Agreement provides that the agreement is A[i]n consideration of [Rako=s]
employment or continued employment by TIFCO and any additional compensation
or benefits that TIFCO may from time to time bestow upon [Rako]@
(emphasis added).  In the Agent=s
Agreement, Tifco agreed to lend Rako
the following property: Aa sales case, display catalog(s), price book(s), sales
manual(s), Customer history book(s), training handbook and other printed sales
materials.@  In addition, Tifco=s president testified that Tifco
provided Rako specialized training and knowledge
regarding Tifco=s products.  We conclude
that Rako=s continued employment was not the sole consideration for the
agreements.  Accordingly, the two
agreements constitute an Aotherwise enforceable agreement@ under section 15.50.

Next,
we must decide whether the covenant not to compete is ancillary to or part of
the otherwise enforceable agreement.  Light,
883 S.W.2d at 646-47.[3]  For a covenant not to compete to be ancillary
to an otherwise enforceable agreement:

(1)       the
consideration given by the employer in the otherwise enforceable agreement must
give rise to the employer=s interest in
restraining the employee from competing; and

(2)       the covenant must be designed to enforce
the employee=s consideration or return promise in the otherwise enforceable
agreement.








Id. at 647. Here, the Agent=s Agreement expressly states that its restrictive covenants,
including the covenant not to compete, arise from Tifco=s
interest in protecting the confidential information and specialized training it
provides to employees. The protection of confidential or proprietary
information is undeniably an Ainterest worthy of protection@ by a covenant not to compete. 
DeSantis v. Wackenhut
Corp., 793 S.W.2d 670, 682 (Tex. 1990).  
We conclude the covenant not to compete is designed to enforce Rako=s return promises not to divulge any of Tifco=s
confidential information.  Accordingly,
the covenant not to compete is ancillary to an otherwise enforceable agreement.

We
affirm the trial court=s order granting the temporary injunction.

 

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed July
18, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]  The court=s order contains a list of 39 such customers.





[2]  Rako raises no complaint regarding the covenant=s limitations, nor does he object to the trial court=s apparent reformation of these limitations.





[3]  Rako concedes in his brief that the covenant is ancillary
to the Confidentiality Agreement. 
Regardless, we find that the covenant satisfies the standard set forth
in Light for being ancillary to an otherwise enforceable agreement.  See 883 S.W.2d at 647.